HORTON, Judge.
Plaintiff-appellee sued for damages allegedly occasioned by defendant-appellant’s breach of a written contract. The appel-lee was employed to obtain a tax reduction on certain real and personal properties owned by the appellant and for this service, the appellant agreed to compensate the appellee at a rate equivalent to 50% of the tax reduction effected. The appellee alleged performance of the contract and the appellant’s refusal to pay. The appellant answered generally denying the allegations of the complaint and subsequently, by an amended answer, alleged that another had performed the services undertaken by the appellee. At a hearing on the appellee’s motion for summary judgment, both sides submitted affidavits together with the depositions of the parties. The trial judge concluded there was no genuine issue of material fact and entered a partial summary judgment for the appellee on the issue of liability as well as for the full amount of damages claimed, leaving the question of attorney’s fees to be tried by a jury. The jury returned a verdict on the issue of attorney’s fees in favor of the appellee and the court thereupon entered a final judgment in favor of the appellee for the full amount of the damages claimed plus attorney’s fees. This appeal followed.
Although appellant has raised two questions seeking reversal of the judgment appealed, we find the basic question to be whether there existed a genuine issue of material fact precluding the entry of the partial summary judgment.
The trial court’s conclusion on the issue of liability is affirmed but his award of the full amount of damages claimed under the contract was erroneous.
The contract between the parties in part provided: “We agree to pay you a sum equivalent to 50% of the gross savings * * * effected by you. * * *" [Emphasis supplied.] At the time of the entry of the partial summary judgment, the trial court concluded that the appellee was entitled to the full amount claimed notwithstanding there were on file affidavits by an officer of appellant corporation and its attorney alleging that appellant’s attorney had effected a reduction from $552,700 to $431,200. Opposing these two affidavits was the affidavit of an officer oí the appellee alleging a tax reduction on appellant’s property from-$552,700 to $337,900. The conflict in the opposing affidavits of the parties did not raise a genuine issue as to liability but it did raise a genuine material issue as to the amount of appellant’s liability to the appellee. Prior to the entry of the final judgment on March 16, 1964, the appellant filed an affidavit of the tax assessor of Metropolitan Dade County which disclosed that appellant’s attorney had been granted a tax assessment reduction on appellant’s property from $552,700 to $431,200 and that subsequent thereto, on a petition by the appellee, the assessment was further reduced to $337,900. Attached to the tax assessor’s affidavit was a photocopy of the petition for equalization of the assessment filed by the appellee in which the appellee affirmatively represented that the tax assessment on appellant’s property was $431,-200 and not $552,700.
Since the affidavits on file at the time of the entry of the partial summary judgment for liability raised a genuine issue of material fact as to the amount of the appellant’s liability, we conclude that it was error on the part of the trial judge to award judgment for the full amount claimed by the appellee. Accordingly, that portion of the partial summary judgment awarding damages and the final judgment are reversed and the cause is remanded for the entry of an appropriate judgment after a *80 determination of the issues of the amount of the appellant’s liability to the appellee and attorney’s fees.
Reversed and remanded with directions.